[Cite as *In re M.G.*, 2020-Ohio-3872.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

IN RE: M.G.

C.A. No.     29596

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     DN 19 04 0376

DECISION AND JOURNAL ENTRY

Dated: July 29, 2020

CALLAHAN, Presiding Judge.

{¶1}    Appellant, A.G. ("Mother"), appeals from a judgment of the Summit County Court of Common Pleas, Juvenile Division, that adjudicated her minor child abused and dependent and placed the child in the temporary custody of the child's father, M.G. ("Father").   This Court affirms.

I.

{¶2}    Mother and Father are the biological parents of M.G., born June 24, 2003. Although Mother and Father are divorced, they were living together in the same home when this case began.  On April 29, 2017, M.G. was removed from the home pursuant to Juv.R. 6 because Mother and M.G. got into an altercation during which Mother threatened and repeatedly fired a gun at M.G. while he was barricaded in the family bathroom.

{¶3}    Father was out of state on business at the time of the incident.  When police responded to the home, they removed M.G. pursuant to Juv.R. 6 and arrested Mother and took her

into custody. Summit County Children Services Board ("CSB") filed a complaint the next day to allege that M.G. was an abused, neglected, and dependent child. M.G. was placed in the emergency temporary custody of CSB.

{¶4} The matter proceeded to adjudicatory and dispositional hearings. A magistrate adjudicated M.G. as an abused, neglected, and dependent child and placed him in the temporary custody of Father. The trial court initially adopted both of those decisions, pending the filing of timely objections. The magistrate's adjudicatory and dispositional decisions, and the trial court's orders that initially adopted them, included findings about how CSB had made reasonable efforts to prevent the removal of M.G. from the home.

{¶5} Mother filed objections to the magistrate's adjudicatory and dispositional decisions. The trial court sustained Mother's objections about the adjudication of neglect, the adjudication of abuse pursuant to R.C. 2151.031(C) and (D)(1), and the adjudication of dependency under R.C. 2151.04(B). The trial court overruled the remainder of her objections, adjudicated M.G. an abused and dependent child under R.C. 2151.031(B) and R.C. 2151.04(C), and placed him in the temporary custody of Father.

{¶6} In its final judgment entry, the trial court did not again set forth findings that CSB had made reasonable efforts to prevent the removal of M.G. from the home. Mother appeals and raises one assignment of error.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR IN FAILING TO MAKE FINDINGS REGARDING WHETHER [CSB] MADE REASONABLE EFFORTS.

{¶7} Mother's assignment of error does not challenge the merits of the trial court's adjudication or disposition of M.G. Instead, Mother's sole argument on appeal is that the trial court committed reversible error by failing to reiterate its earlier "reasonable efforts" findings when it overruled her objections to the magistrate's decision and entered judgment. Assuming, without deciding, that a trial court is required to reiterate prior reasonable efforts findings when it rules on objections to the magistrate's adjudicatory and/or dispositional decisions, Mother has failed to demonstrate that reasonable efforts findings were required under the facts of this case.

{¶8} R.C. 2151.419(A)(1) requires that the trial court make reasonable efforts findings in its judgments or orders following "any hearing held pursuant to * * * 2151.353 of the Revised Code at which the court removes a child from the child's home or continues the removal of a child from the child's home[.]" R.C. 2151.353(I) further provides that, "[t]he court shall not issue a [post-adjudicatory] dispositional order * * * that removes a child from the child's home unless the court complies with section 2151.419 of the Revised Code and includes in the dispositional order the findings of fact required by that section."

{¶9} In other words, if the trial court did not remove the child from the "child's home" or continue the child's removal, no reasonable efforts findings were required under R.C. 2151.419(A)(1) or R.C. 2151.353(I). The issue here is whether Mother has demonstrated that the trial court's judgment placing M.G. in the temporary custody of Father continued M.G.'s removal from the "child's home."

{¶10} Although the requirements in R.C. Chapter 2151 and Chapter 5101:2 of the Ohio Administrative Code repeatedly link reasonable reunification efforts to the child's removal from the child's "home," the term "home" is also not defined. When CSB filed its complaint in this case, M.G. had been removed pursuant to Juv.R. 6 and was later placed in the emergency

temporary custody of the agency. M.G. was removed from the home in which he lived with both Mother and Father.

{¶11} Because a child's family may move from one physical residence to another, reasonable reunification efforts do not normally focus on returning the child to that same location, but instead focus on reuniting the child with his or her family. The term "family" and "household" are defined in the Ohio Administrative Code. "'Family'" means a group of people related by blood or circumstances who may rely upon one another for sustenance, support, security, and or socialization." Ohio Adm.Code 5101:2-1-01(B)(113). Similarly "'[h]ousehold'" means a private residence including the members of the family living therein and/or unrelated individuals living in the same residence and sharing common living areas." Ohio Adm.Code 5101:2-1-01(B)(148). The concept of "home" is generally understood to mean where the child's family resides.

{¶12} This Court and the Ohio Supreme Court have long construed reasonable efforts to return the child "home" as efforts to reunite the child with his family. *See, e.g.*, *In re C.F.,* 113 Ohio St.3d 73, 2007-Ohio-1104, ¶ 4 ("except for some narrowly defined statutory exceptions, the state must make reasonable efforts to reunify the family before terminating parental rights."); *In re S.R.,* 9th Dist. Summit No. 27209, 2014-Ohio-2749, ¶ 36-37 (emphasizing that reasonable efforts are generally required to reunify a child with one or both parents because the parents have a fundamental right to raise their children without state intervention and must be afforded every procedural protection that the law allows).

{¶13} In *In re C.F.*, at ¶ 27-29, the Ohio Supreme Court emphasized that, although the concept of reasonable reunification efforts is not specifically defined in R.C. Chapter 2151, Ohio's child welfare laws were designed to balance the fundamental rights of parents to raise their own children with the state's interest in protecting the health and safety of its children. R.C. Chapter

2151 is to be construed so that children are separated from their parents "only when necessary for the child's welfare or in the interests of public safety." *Id*. at ¶29, quoting R.C. 2151.01(A).

{¶14} Notably, Mother has failed to cite any legal authority to support her implicit legal argument that the trial court's dispositional order, which returned M.G. to the custody of Father with whom the child lived when this case began, constituted a removal or continued the removal of M.G. from the "child's home." Therefore, she has failed to demonstrate that the trial court was required by R.C. 2151.419(A) or R.C. 2151.353(I) to make reasonable efforts findings in the judgment appealed in this case. Mother's assignment of error is overruled.

III.

{¶15} Mother's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas, Juvenile Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

                                     _____
                                     LYNNE S. CALLAHAN
                                     FOR THE COURT

HENSAL, J.
SCHAFER, J.
CONCUR.


APPEARANCES:

SHUBHRA N. AGARWAL, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.

LESLIE JOHNS, Attorney at Law, for Appellee.

NOWAR KATIRJI, Guardian ad Litem.